[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11524
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 15, 2010
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-00006-KD-M-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MELISSA B. GRAY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(December 15, 2010)

Before DUBINA, Chief Judge, TJOFLAT and FAY, Circuit Judges.

PER CURIAM:

Appellant Melissa B. Gray appeals her 96-month total sentence, imposed by

the district court after she pled guilty to one count of possessing child

pornography, in violation of 18 U.S.C. § 2252(a)(5)(B), and one count of receiving child pornography, in violation of 18 U.S.C. § 2252(a)(2). On appeal, Gray argues that her total sentence was substantively unreasonable because U.S.S.G. § 2G2.2 "is not the product of empirical data, national experience, or independent expertise and thus does not satisfy Section 3553(a)'s objectives." Gray relies on a Second Circuit opinion, *United States v. Dorvee*, 616 F.3d 174 (2d Cir. 2010), and the Supreme Court's opinions in *Kimbrough v. United States*, 552 U.S. 85, 128 S. Ct. 558, 169 L. Ed. 2d 481 (2007), and *Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007) to contend that, because the guideline is contrary to the purposes of sentencing, her sentence was substantively unreasonable.

We review the reasonableness of a district court's sentence under a deferential abuse of discretion standard of review. *Gall*, 552 U.S. at 41, 128 S. Ct. at 591.

To be substantively reasonable, the district court is required to impose sentences that are "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from the defendant's

future criminal conduct, and provide the defendant with needed educational or vocational training or medical care. *See* 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7). Another relevant factor is the relationship between the defendant's sentence and the applicable statutory maximum. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (noting, as one indication of reasonableness, that a defendant's sentence was "well below" the applicable statutory maximum), *cert. denied*, 129 S. Ct. 2848 (2009). We ordinarily expect that a sentence within the advisory guidelines range will be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) (quoting *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005)). "[W]e are to vacate the sentence if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*) (internal

quotation marks omitted).

We have previously rejected the same argument that Gray levies against her sentences, holding that the Guidelines pertaining to child pornography offenses adequately take into account empirical data and national experience. *See United States v. Pugh*, 515 F.3d 1179, 1201 n.15 (11th Cir. 2008). Thus, Gray's attack on the applicable Guideline fails, and the fact that the district court relied on U.S.S.G. § 2G2.2 to sentence Gray did not render her sentences incompatible with the purposes of sentencing. Because we hold Gray's 96-month total sentence was substantively reasonable, we affirm her sentence.

**AFFIRMED.**